# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

VIVIAN ROGERS                                                                                    PLAINTIFF

V.                                                                                    NO. 1:16CV00224-JMV

COMMISSIONER OF SOCIAL SECURITY                                               DEFENDANT

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held September 15, 2017, the court finds the ALJ's residual functional capacity ("RFC") determination and, consequently, the finding of not disabled, it not supported by substantial evidence in the record. To begin, the ALJ rejected Dr. Bruce Bullwinkel's medical source opinions that the claimant could only sit and stand one hour without interruption and could walk only thirty minutes without interruption without providing good cause or any discussion. Furthermore, the opinions of state agency non-examining physicians, on whom the ALJ heavily relied, conflict with Dr. Bullwinkel's opinions and were rendered without the benefit of his consultative examination ("CE") report and a host of records from 2014-2015 from Hattiesburg Clinic. As

such, the state agency physicians' opinions cannot constitute substantial evidence on which the ALJ could rely.

Next, the ALJ's error is compounded by her failure to properly consider the claimant's post-phlebitic syndrome impairment and any functional limitations associated therewith. Indeed, the ALJ only made passing mention of the diagnosis and treated the condition as though it were subsumed by the claimant's DVT impairment–though the claimant's physicians clearly distinguished the conditions, along with the signs and symptoms associated with them.

On remand, the ALJ must reconsider the claimant's RFC and render a new decision. The ALJ must order a new CE of the claimant and provide the examiner with all of the claimant's medical records. The ALJ must require that the CE examiner, after examination of the claimant and review of her medical records, provide an RFC assessment (function-by-function). The ALJ may conduct any additional proceedings that are necessary and not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED AND REMANDED for further proceedings.**

This, the 19th day of September, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE